IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD COOPER,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 11-cv-761-HZ

OPINION AND ORDER

Merrill Schneider
SCHNEIDER LAW OFFICES
PO Box 14490
Portland, OR 97293

        Attorney for Plaintiff

Willy M. Le
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104

Adrian L. Brown
U.S. ATTORNEY'S OFFICE

PAGE 1 - OPINION AND ORDER

District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff, Edward Cooper ("Plaintiff"), seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for additional proceedings.

## PROCEDURAL BACKGROUND

      On October 15, 2007, Plaintiff filed for Title XVI SSI benefits, alleging a disability onset date of January 1, 1995. R. 17. Plaintiff's application was denied, and he requested a hearing before an administrative law judge ("ALJ") of the Social Security Administration ("SSA"). R. 17. A video hearing was held on September 16, 2009, before ALJ Raul C. Pardo, who found Plaintiff not disabled. R. 14, 25. Plaintiff requested a review of the ALJ's decision, but the Appeals Council denied Plaintiff's request on April 20, 2011, in turn making the ALJ's September 16, 2009, decision the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 422.210. This appeal followed.

## FACTUAL BACKGROUND

      The parties are familiar with the medical evidence and other evidence of the record. Therefore, the evidence will not be repeated here except as necessary to explain my decision.

**SEQUENTIAL DISABILITY EVALUATION**

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If so, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.

In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one of the sequential proceedings, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. R. 19, Finding 1. At step two, the ALJ found Plaintiff "has the following severe impairments: cardiomyopathy, mild diabetes and hypertension." Id., Finding 2. At step three, the ALJ found Plaintiff's impairments did not meet or equal the requirements of a listed impairment pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 20, Finding 3. At step four, the ALJ found Plaintiff "has the residual functional capacity to perform light work" and "capable of walking and standing for six hours per workday," but also found Plaintiff "unable to stand for no more than 30 minutes at a time; cannot climb ladders, scaffolding or ropes; has occasional problems reaching overhead; and can tolerate only moderate exposure to heat." R. 21, Finding 4. At step five, the ALJ found Plaintiff not disabled because she could perform the occupations of a "parking lot cashier," "small products assembler," and "paper sorter/recycler." R. 24, Finding 9.

## STANDARD OF REVIEW

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

PAGE 4 - OPINION AND ORDER

Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. Howard, 782 F.2d at 1486. To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

## DISCUSSION

Plaintiff makes the following two assignments of error by the ALJ: (1) the ALJ's step five finding was based on erroneous testimony by the vocational expert ("VE"); and (2) the ALJ erred by failing to mention or discuss the lay witness statements of Ann Leashell Preston ("Preston"), Plaintiff's wife. Based on the ALJ's assignments of error, Plaintiff seeks an order reversing the Commissioner's decision and remanding this action for additional proceedings. I address Plaintiff's alleged assignments of error in turn.

### I. The ALJ's RFC Determination

**A. Plaintiff's Inability to Stand for No More Than Thirty Minutes**

Plaintiff asserts the hypothetical to the ALJ was erroneous because it excluded Plaintiff's limitation that he is unable to stand for more than thirty minutes at a time. The Commissioner concedes the ALJ's hypothetical question to the VE did not specifically include Plaintiff's

inability to stand for more than thirty minutes at a time. The Commissioner, however, argues that the ALJ's error to specifically include Plaintiff's inability to stand for more than thirty minutes was harmless because the ALJ included the need for Plaintiff to take "intermittent breaks" in the vocational hypothetical. I disagree with the Commissioner's assertion.

The Ninth Circuit has previously held that "[h]ypothetical questions posed to the vocational expert must set out <u>all</u> the limitations and restrictions of the particular claimant . . . ." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756 (9th Cir.1989) (citation omitted and emphasis in original). "Where . . . hypothetical questions fail to reflect each of the claimant's limitations that are supported by substantial evidence, the expert's answer has no evidentiary value" and "cannot constitute substantial evidence to support the ALJ's findings." <u>Paden v. Barnhart</u>, 92 Fed. Appx. 465, 467 (9th Cir. 2004) (citations and internal quotations omitted).

Here, the ALJ expressly found Plaintiff was "unable to stand for no more than 30 minutes at a time." R. 21. The ALJ's vocational hypothetical to the VE, however, only stated Plaintiff was "able to sit . . . stand and walk, six out of eight [hours] with <u>intermittent breaks</u>" and made no mention of Plaintiff's inability to stand for more than thirty minutes at a time. R. 60 (emphasis added). The term "intermittent breaks" is not necessarily synonymous with being unable to stand for thirty minutes at a time and nothing in the record shows the VE considered the term to mean Plaintiff was limited to standing no more than thirty minutes at a time. In light of the record before me, I cannot conclude that the ALJ's vocational hypothetical included all of Plaintiff's limitations. This is problematic because the ALJ relied on the VE's testimony that Plaintiff was able to perform the occupations of parking lot cashier, small products assembler, and paper sorter/recycler when concluding Plaintiff was not disabled. R. 24. Accordingly, the ALJ's error was not harmless. <u>See</u> <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2009) (an

PAGE 6 - OPINION AND ORDER

error by the ALJ is harmless "where the mistake [is] nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion").

The Commissioner also maintains that Plaintiff's failure to avail himself of the opportunity to cross-examine the VE demonstrates Plaintiff believed that the ALJ's vocational hypothetical was consistent with Plaintiff's limitations. Resp., pp. 10-11. The Commissioner's argument misses the mark. Even if I were to assume that Plaintiff believed the vocational hypothetical was not inconsistent with his limitations at the time of his September 16, 2009, hearing, such an assumption does not address or remedy the ALJ's failure to include all of Plaintiff's limitations in the hypothetical to the VE. I find no authority, and the Commissioner does not cite any, stating otherwise.

In sum, the ALJ's failure to include Plaintiff's limitations that he is unable to stand for more than thirty minutes at a time in the hypothetical to the VE was legally erroneous and was not harmless error. Accordingly, remand for additional proceedings is appropriate.

### B. Plaintiff's Occasional Problems of Reaching Overhead

Plaintiff contends the ALJ's disability determination was erroneous because the jobs identified by the VE are inconsistent with Plaintiff's RFC. Plaintiff argues that under the Dictionary of Occupational Titles ("DOT"), the word "reaching" means reaching in all directions and each of the three jobs the VE identified–namely, parking lot attendant, small products assembler, and paper sorter/recycler–require frequent reaching. Plaintiff asserts that because he is limited to occasionally reaching overhead and because the VE gave no explanation as to why and how he can perform jobs requiring reaching in all directions, the ALJ's step five finding was based on erroneous testimony.

PAGE 7 - OPINION AND ORDER

I am not persuaded by Plaintiff's arguments. The record clearly shows the ALJ included in his vocational hypothetical Plaintiff's limitation of having "occasional problems reaching overhead with both shoulders." R. 60. Nothing in the record demonstrates the VE was unaware of this limitation or that the VE misunderstood the limitation when determining Plaintiff could perform the jobs of parking lot attendant, small products assembler, and paper sorter/recycler. In addition, Plaintiff cites no authority for the proposition that the VE was required to explain "how" or "why" Plaintiff could perform the jobs he identified. Plaintiff's argument that he cannot perform the jobs identified by the VE because of his occasional problems of reaching overhead lacks merit. See Hunter v. Astrue, 254 Fed. Appx. 604, 606 (9th Cir. 2007) ("To meet her burden, the ALJ may rely on the testimony of a vocational expert . . . who must identify specific jobs in the national economy that the claimant is qualified to perform."); see also Hamilton v. Comm'r Soc. Sec. Admin., 368 Fed. Appx. 724, 727 n.4 (9th Cir. 2010) (concluding the ALJ "was entitled to rely on the vocational expert's assessment that [claimant] could perform a significant number of jobs in the national economy, including representative unskilled, sedentary-to-light positions") (citation omitted).

**II. The ALJ's Failure to Address the Lay Witness Statements of Preston**

Plaintiff contends the ALJ erred by failing to consider limitations set forth in Preston's third-party function report. Specifically, Plaintiff argues his wife's third-party function report states he is no longer able to drive; his conditions affect his ability to lift, squat, bend, stand, reach, walk, kneel, and stair climb; and he can walk only four blocks before needing to stop and rest for twenty minutes before he can resume walking. R. 143-44. Plaintiff further argues that his wife states he "does not do well with change," is "not to [sic] good" at handling stress, and is unable to stay awake due to his medications. R. 143, 145. Plaintiff contends a reasonable ALJ

PAGE 8 - OPINION AND ORDER

could have reached a different disability determination if Preston's statements were credited as true.

The Commissioner does not dispute that the ALJ failed to discuss the lay witness statements in Preston's third-party function report. The Commissioner, however, contends Preston's statements were merely cumulative of Plaintiff's own testimony and that because the ALJ properly rejected Plaintiff's testimony, any error by the ALJ in not addressing Preston's lay witness statements was harmless. The Commissioner also argues that Preston's testimony does not support a finding of disability and that the objective medical evidence contradicts Preston's subjective reports. Finally, the Commissioner asserts that the Ninth Circuit has never required courts to credit-as-true lay-witness testimony which has been improperly rejected.

Lay testimony regarding a claimant's symptoms is competent evidence the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). In determining a claimant's disability, an ALJ "must give full consideration to the testimony of friends and family members." Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir. 2000). An ALJ's failure to address lay witness testimony is harmless error when a court can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

Because the court has already determined that this case must be remanded for additional proceedings, on remand the ALJ shall properly address Preston's lay witness statements.

/ / /

**CONCLUSION**

Based on the foregoing, the ALJ's decision that Plaintiff is not disabled and is not entitled to SSI benefits was improper. The Commissioner's decision is REVERSED and this case is REMANDED for additional proceedings.

IT IS SO ORDERED.

Dated this  25th  day of   June       , 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge